STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Daniel Trahan    }
                                  }
                                  }    Docket No. 148-7-00 Vtec
                                  }
                                  }

Decision and Order on Appellant's Motion for Summary Judgment

Appellant Daniel Trahan appealed from a decision of the Planning Commission of the Town of Colchester denying his application for removal of earth products. Appellant is represented by Richard A. Spokes, Esq.; the Town is represented by Richard C. Whittlesey, Esq. Appellant has moved for summary judgment on Questions 1 through 4 of the Statement of Questions.

The following facts are undisputed unless otherwise noted.

Appellant owns a seasonal single family residence on Goodsell Road, a ten-foot-wide private road, in the low-density residential (R-1) zoning district. A seasonal single family residence is a permitted use in the R-1 district. Prior to 1998, parking for the dwelling was on the traveled portion of the private road.

In 1998, Appellant applied for and received two building permits from the Zoning Administrator, authorizing renovations to the front of the building and to add a second story. Neither application refers to any removal of earth or excavation, or to the creation of a new driveway or parking area. In connection with the renovations, Appellant excavated approximately[1] 100 cubic yards of earth material from the lot, to create a two-car parking area.

On December 6, 1999, the Zoning Administrator notified Appellant of two violations: 1) excavation of earth within the 100-foot shoreline setback; and 2) cutting of trees on a neighbor's property within the floodplain and within the 100-foot shoreline setback, both without the necessary approvals (and without the neighbor's consent), citing violations of §§ 1000, 1820, and 1903 of the Zoning Regulations. The notice gave Appellant the opportunity of curing the violations by removing the fill, restoring the site, and replacing the trees. The notice did not offer Appellant the opportunity to apply for a permit under § 1820. Appellant does not appear to have appealed the Notice of Violation; issues relating to the tree cutting or the neighbor are not within the scope of the present appeal.

Appellant applied to the Planning Commission under § 1820 for approval of the excavation. Appellant's application has not been provided in connection with the motion for summary judgment. The Planning Commission appears to have treated the application as an application for site plan approval and to remove "100 cubic yards of earth material to construct a parking area" under both §§ 1803 and 1820. No mention is made in any of the materials regarding whether or

how much of the excavation was within the 100-foot shoreline setback; if it was, then a § 1820.4 waiver is not available. § 1820.4(e).

Section 1820 requires Planning Commission approval of the removal of earth products, except when the removal is " incidental to or in connection with the construction of a building on the same lot." The earth removal in the present case was not incidental to or in connection with the construction of a building on the lot, although it was incidental to or in connection with the dwelling, and the dwelling itself was undergoing renovations. Accordingly, Appellant' s Motion for Summary Judgment as to Question 4 is DENIED, and summary judgment is entered in favor of the Town on that question: the earth removal was not exempt from § 1820.

Section 1820 requires that the application contain the same application materials as those "outlined in § 1803 for a site plan review." Nothing in this section requires that site plan review be obtained as a prerequisite to an application for § 1820 earth removal, nor that the § 1803 site plan review standards are somehow imported into § 1820[2] by the requirement of § 1820.1 that the application contain the same application materials. The Town agrees that site plan approval was not required in this particular case. As the removal of earth products in the present case was associated with a single family seasonal dwelling, § 1803 does not apply and site plan review should not have occurred. Rather, the Planning Commission should have proceeded under § 1820 to apply the standards contained in § 1820 and the " ' Borrow Pit and Quarries' Ordinance" referred to in § 1820.2 (a copy of which has not been provided to the Court in connection with the present motion). Accordingly, Appellant' s Motion for Summary Judgment as to Question 3 is GRANTED in PART, and summary judgment is entered in favor of Appellant on the first clause of the Question: § 1820 is properly interpreted as not requiring § 1803 site plan review.

A municipality may adopt zoning regulations as authorized in 24 V.S.A. § 4407, including, but not limited to the types listed in that section. A municipality may assign a specific type of review to its Planning Commission rather than to its Zoning Board of Adjustment[3], so long as the enabling act does not specify which body must perform the particular type of review. That a municipality might regulate the extraction of earth resources in a zoning regulation is evident in § 4407(8), which specifically authorizes a municipality to provide for the rehabilitation of such sites. Accordingly, Appellant' s Motion for Summary Judgment as to Question 1 is DENIED, and summary judgment is entered in favor of the Town on that question: the Colchester Zoning Regulations may regulate the removal or replacement of earth resources.

Unlike the provisions of the statute invalidated in In re Appeal of Handy and In re Appeal of Jolley Associates, 11 Vt. L. Week 339 (Nov. 17, 2000), § 1820 provides sufficient standards to guide the discretion of the Planning Commission. In exercising that discretion, is sufficient that the deliberative body consider all the factors laid out in the ordinance to be considered. See, Agency of Natural Resources v. Duranleau, 159 Vt. 233, 239 (1992). The ordinance need not spell out the relative weight of the various factors. Accordingly, Appellant' s Motion for Summary Judgment as to Question 2 is DENIED, and summary judgment is entered in favor of the Town on that question: the Colchester Zoning Regulations provide sufficient standards in § 1820 for the determination of applications filed under that section.

Based on the foregoing, Appellant's Motion for Summary Judgment is DENIED and summary judgment is entered in favor of the Town on Questions 1, 2 and 4 of the Statement of Questions. Appellant's Motion for Summary Judgment is GRANTED in PART on Question 3 of the Statement of Questions, in that § 1820 does not require § 1803 site plan review. We will hold a telephone conference on May 4, 2001, at 11:45 a.m., to discuss the need for an evidentiary hearing in this Court or a remand to the Planning Commission (or the Town Planner/Planning Director under § 1820.4) to address Appellant's application solely based on the requirements of § 1820.

Done at Barre, Vermont, this 23rd day of April, 2001.

_____

Merideth Wright
Environmental Judge

## Footnotes

[1.] 100 cubic yards is the threshold amount for consideration of a waiver under §1820.4(b). Neither party has suggested that the volume may have been under the threshold amount, or that evidence will be presented regarding the volume of earth removed.

[2.] Of course, if an earth removal project also and independently requires site plan review, the Planning Commission is free to conduct the proceedings concurrently.

[3.] The Court has not been asked in this appeal to decide, and specifically does not here decide, whether a municipality can delegate to its Town Planner or Planning Director the authority to grant waivers from this provision under certain circumstances. See §1820.4